IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE ASSURANCE COMPANY, | § § § | |
| Interpleader Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-3124-K-BN |
| SANDRA BENTON, LATWANDRA PAYNE, LINUS MAYS, BRITTANY ROBERTS as Legal Guardian for C.A. a minor, E.L.M. a minor, and THE ESTATE OF RODNEY MAYS by and Through Its Personal Representative, | § § § § § § § § | |
| Interpleader Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Allstate Assurance Company ("Allstate") has filed an unopposed motion for substituted service. *See* Dkt. No. 27. Allstate has also filed an unopposed motion to appoint temporary administrator. *See* Dkt. No. 28.

For the reasons and to the extent explained below, the Court grants in part and denies in part the motion for substituted service and denies the motion to appoint temporary administrator.

**Background**

This case concerns a life insurance policy that Allstate issued to Rodney Mays (the "Decedent"). *See* Dkt. No. 1 at 1. The application for the policy designated the Estate of Rodney Mays (the "Estate") as the 100% primary beneficiary. *See* Dkt. No. 1-11 at 16. On November 2, 2018, the Decedent executed a Request for Change of

Beneficiary form, designating his sister, Sandra Benton, and the Estate each as 50% primary beneficiaries. *See* Dkt. No. 1-3 at 3. On February 21, 2020, the Decedent executed another Request for Change of Beneficiary form, designating his spouse, Latwandra Payne – spelled Latwanda Payne on the form – as 100% primary beneficiary. *See* Dkt. No. 1-5 at 3.

The Decedent passed away on April 4, 2021. Dkt. No. 1 at 4. Linus Mays (also spelled Mayes) – the Decedent's brother – then contacted Allstate to contend that the February 21, 2020 form was invalid. *See id.*

Allstate received Claimant's Statement for Life Insurance Proceeds forms from Payne [Dkt. No. 1-7]; E.L.M., a minor [Dkt. No. 1-8]; Brittany Roberts [Dkt. No. 1-9]; and Linus Mays [Dkt. No. 1-10].

Allstate sued these four people along with Benton and the Estate in this interpleader action. *See* Dkt. No. 1.

To date, Allstate has been able to serve all defendants but Payne and the Estate. *See* Dkt. Nos. 6-9. The Clerk of Court issued summons as to Payne and the Estate on December 15, 2021. *See* Dkt. No. 4.

Allstate's counsel used a private process server to attempt to serve Payne at the address that she listed on her Claimant's Statement for Life Insurance Proceeds, 3828 Nebraska Avenue, St. Louis, MO 63118. *See* Dkt. No. 27-1 at 3. The process server was unsuccessful, confirming with a neighbor that Payne had left the address a few weeks before. *See id.*

-2-

Allstate's counsel found a second possible address for Payne through searching public records, 8519 Hearth Drive, Apartment 27, Houston, TX 77054. *See id.* at 4. A private process server was unable to serve Payne there. *See id.*

The Clerk of Court reissued summons as to Payne on January 9, 2023. *See* Dkt. No. 21. Allstate's counsel found a third possible address for Payne through searching public records, 3728 Cook Avenue, Apartment D, St. Louis, MO 63113. *See id.* at 5. A private process server was unable to serve Payne there. *See id.* An attorney in Missouri advised Allstate's counsel that they had been able to serve Payne at that address but that Payne had recently been evicted. *See id.*

Throughout this time, Allstate's counsel made several calls to and left several messages for Payne at the phone number that she listed on her Claimant's Statement for Life Insurance Proceeds, (832) 213-8286. *See id.* at 2-5. Payne never responded to those calls or messages. *See id.*

Allstate's counsel also attempted to contact Payne at a potential email address that they found through public record searches, latwandrapayne12@gmail.com. *See id.* at 5. Allstate's counsel did not receive a response. *See id.*

As to the Estate, Allstate claims, on information and belief, that no estate proceedings have commenced and so there is no personal representative for Allstate to serve. *See* Dkt. No. 28 at 3.

## Legal Standard and Analysis

### I.  Motion for Substituted Service

Federal Rule of Civil Procedure 4(e) provides that "an individual ... may be served in a judicial district of the United States by ... following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

This Court is located in the state of Texas, and Allstate seeks to effect service in Texas and Missouri.

Texas Rule of Civil Procedure 106 provides:

(a) Unless the citation or court order otherwise directs, the citation must be served by:
>    (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>    (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

(b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>    (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>    (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106.

And, so, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* TEX. R. CIV. P. 108.

The Comment to 2020 Change to Texas Rule 106 notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf. Courts in this district have permitted substituted service by email, *see Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23, 2022), and by text message, *see Schiff v. Ward*, No. 3:21-cv-1109-M, 2021 WL 8323656 (N.D. Tex. Sept. 29, 2021).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). The supporting sworn statement

must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in such affidavit but has not been successful." TEX. R. CIV. P. 106(b).

Missouri Statute § 506.160 provides that

> [s]ervice by mail or by publication shall be allowed in all cases affecting a fund … or any res or status within the jurisdiction of the court…. If the defendant so served does not appear, judgment may be rendered affecting said property, res or status within the jurisdiction of the court as to said defendant, but such service shall not warrant a general judgment against such defendant.
> …
> If the plaintiff or other person for plaintiff shall allege in his verified petition, or at the time of filing same, or at any time thereafter, shall file an affidavit stating that part or all of the defendants are nonresidents of the state … and cannot be personally served in this state in the manner prescribed by law for personal service, or have absconded or absented themselves from their usual place of abode in this state, or that they have concealed themselves so that the ordinary process of law cannot be personally served upon them, and the affidavit or the verified petition shall state the present known address of the defendant, if known, or in lieu thereof state that said address of the defendant is unknown, the court or judge or clerk thereof shall issue an order of publication of notice to such defendant or defendants, notifying such defendant or defendants of the commencement of the action, and stating briefly the object and general nature thereof, and describing the property, if any, to be affected. The notice shall also contain the name of the court and the names of the parties to the suit, and shall state the name and address of the attorney for plaintiff, if any, otherwise the plaintiff's address, and shall state that unless said named defendant or defendants file an answer or other pleading or shall otherwise appear and defend against the petition within forty-five days after the date of the first publication, to be stated in the published notice … judgment by default will be rendered against them. Such notice shall be published at least once each week for four consecutive weeks in some newspaper of general circulation published

in the county where suit is instituted, if there be such newspaper published there, which the plaintiff or his attorney of record may designate; if no such newspaper be published in such county, then in some such paper published in this state, which the plaintiff or his attorney of record may designate as most likely to give notice to the defendant or defendants to be notified.

MO. STAT. § 506.160.

A recent interpleader action in the Eastern District of Missouri used this statute to permit service by publication. *See UMB Bank, N.A. v. AA Auto Broker LLC*, No. 4:20-CV-00895-MTS, 2020 WL 7122364 (E.D. Mo. Dec. 4, 2020).

Here, as to the requirements for the motion and sworn statement under Texas Rule of Civil Procedure 106, Allstate's motion for substituted service lists three locations at which Payne could probably be found: 3828 Nebraska Avenue, St. Louis, MO 63118; 8519 Hearth Drive, Apartment 27, Houston, TX 77054; and 3728 Cook Avenue, Apartment D, St. Louis, MO 63113. *See* Dkt. No. 27 at 7. The sworn statement accompanying that motion, the Declaration of Louis F. Mendez. Esq., shows that Allstate's counsel unsuccessfully attempted service at those three locations. *See* Dkt. No. 27-1 at 3-5. And so the Court may authorize substituted service.

As to service by email under Texas Rule of Civil Procedure 106, Allstate's counsel found the email address through which they seek to effect service, latwandrapayne12@gmail.com, through "public records searches." *See id.* at 5. Allstate offers no other evidence that the email address actually belongs to Payne. And Allstate's counsel has not received a response from that email address, so there

is no evidence that Payne regularly uses or has recently used – or has ever used – that email address. On this record, the Court finds that Allstate has not shown that service by email is reasonably calculated to provide Payne with notice of this suit, and the Court will not authorize service by email to this email address.

As to service by text message under Texas Rule of Civil Procedure 106, Allstate's counsel found the cell phone number through which they seek to effect service, (832) 213-8286, on the Claimant's Statement for Life Insurance Proceeds that Payne herself filled out. *See id.* at 3. They confirmed that cell phone number through public records searches. *See id.* at 4. The Court finds, based on Payne's providing this cell phone number, that service by text message is reasonably calculated to provide Payne with notice of this suit. The Court will authorize service by text message to this cell phone number.

As to service by Missouri Statute § 506.160, Allstate established in the Declaration of Louis F. Mendez, Esq. that Payne is either a nonresident of Missouri or has concealed herself so that the ordinary process of law cannot be personally served on her. And the declaration states that Payne's current address is unknown. Allstate has met the requirements for a court to issue an order of publication of notice, and the Court will authorize service by publication compliant with the requirements of Missouri Statute § 506.160.

## II.   Motion to Appoint Temporary Administrator

"Under Texas law, no judgment can be rendered against an estate unless it has a legal representative before the court who was duly appointed in Texas." *Woodcrest*

*United Methodist Church v. Allianz Life Ins. Co. of N. Am.*, No. 1:10CV194, 2010 WL 11530298 at *11 (E.D. Tex. Sept. 16, 2010). An estate's representative is the "executor" if named in the will or the "administrator" if the decedent died intestate. *See Harvey v. United States*, No. 3:21-cv-4-X-BT, 2022 WL 4653739 at *2 (N.D. Tex. Mar. 28, 2022), *rep. & rec. adopted*, 2022 WL 4657766 (N.D. Tex. Sept. 30, 2022).

The Texas Estates Code provides that "[a] judge who determines that the interest of a decedent's estate requires the immediate appointment of a personal representative shall, by written order, appoint a temporary administrator with powers limited as the circumstances of the case require." TEX. ESTATES CODE § 452.001. A judge is defined in the Estates Code as "the presiding judge of any court having original jurisdiction over probate proceedings," particularly "(1) a county court in the exercise of its probate jurisdiction; (2) a court created by statute and authorized to exercise probate jurisdiction; or "(3) a [state] district court exercising probate jurisdiction in a contested matter." TEX. ESTATES CODE § 22.019.

Under the probate exception to federal jurisdiction, "a federal court has no jurisdiction to probate a will or administer an estate" because "the equity jurisdiction conferred by the Judiciary Act of 1789 … did not extend to probate matters." *Markham v. Allen*, 326 U.S. 490, 494 (1946). Instead, "federal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction

of the probate or control of the property in the custody of the state court." *Id.* (cleaned up).

"The appointment and/or qualification of administrators of estates is particularly within the province of the probate courts of the State of Texas." *James v. Nocona Gen. Hosp.*, No. 7:02-cv-291-KA, 2007 WL 1053122 at *3 (N.D. Tex. Apr. 4, 2007).

Allstate asks this Court to appoint a temporary administrator for the Estate. But appointing a temporary administrator is not within the province of a federal district court. It is an act of administering an estate, which falls to courts with original probate jurisdiction. Allstate must file in state court for the appointment of a temporary administrator for this action to move forward against the Estate. *See* Daniel E. Witte, *Managing Irresponsible Actors in Federal Interpleader Actions*, 50 Tort Trial & Ins. Prac. L.J. 1, 14 (2014) ("[I]nterpleaders can involve the estate of a deceased. The estate of a deceased insured or a deceased beneficiary may be implicated in payment of the proceeds from a life insurance policy. Sometimes no personal representative has been named for the relevant estate; this can occur because the estate is small, the decedent had no close relatives, or an executor named in a relevant will has refused to accept the nomination and file for letters testamentary with the state probate court. As a last resort, an interpleader plaintiff may be obliged to file in state court and seek his or her own appointment to be a personal representative of the estate so the federal lawsuit can move forward.").

The Court temporarily suspends the deadline for Allstate to serve the Estate to permit Allstate to file for the appointment of a temporary representative in a court in Texas with original probate jurisdiction. Allstate must file a status report with the Court by **Monday, July 24, 2023**, updating the Court on the status of Allstate's efforts.

## Conclusion

For the reasons explained above, the Court GRANTS Plaintiff's motion for substituted service [Dkt. No. 27] as to service by publication in accordance with MO. STAT. § 506.160 and service by text message by text messaging images of the complaint to (832) 213-8286 but DENIES the motion as to service by email, and the Court DENIES Plaintiff's motion to appoint a temporary administrator [Dkt. No. 28].

SO ORDERED.

DATED: April 25, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE