IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE ASSURANCE COMPANY, | § § § | |
| Interpleader Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-3124-K-BN |
| SANDRA BENTON, LATWANDRA PAYNE, LINUS MAYS, BRITTANY ROBERTS as Legal Guardian for C.A. a minor, E.L.M. a minor, and THE ESTATE OF RODNEY MAYS by and Through Its Personal Representative, | § § § § § § § § | |
| Interpleader Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding judge. *See* Dkt. No. 11.

Plaintiff Allstate Assurance Company now known as Everlake Assurance Company ("Everlake") and Defendants Sandra Benton and Christopher Winiecki, as Dependent Administrator of the Estate of Rodney Mays (collectively, "Movants"), have filed a joint motion for default judgment against Defendants Latwandra Payne, Linus Mays, Brittany Roberts, and E.L.M., a minor (collectively, "Defaulted Defendants"). *See* Dkt. No. 59. The Movants also seek interpleader disbursement, discharge, and dismissal with prejudice. *See id.*

-1-

For the following reasons, the Court should grant the motion for default judgment and Movants' request for interpleader disbursement, discharge, and dismissal with prejudice.

## Background

This case concerns a life insurance policy that Everlake issued to Rodney Mays (the "Decedent"). *See* Dkt. No. 1 at 1. The application for the policy designated the Estate of Rodney Mays (the "Estate") as the 100% primary beneficiary. *See* Dkt No. 1-11 at 16. On November 2, 2018, the Decedent executed a Request for Change of Beneficiary form, designating his sister, Sandra Benton, and the Estate each as 50% primary beneficiaries. *See* Dkt. No. 1-3 at 3. On February 21, 2020, the Decedent executed another Request for Change of Beneficiary form, designating his spouse, Latwandra Payne – spelled Latwanda Payne on the form – as 100% primary beneficiary. *See* Dkt. 1-5 at 3.

The Decedent passed away on April 4, 2021. Dkt. No. 1 at 4. Linus Mays (also spelled Mayes) – the Decedent's brother – then contacted Everlake to contend that the February 21, 2020 form was invalid. *See id.*

Everlake received Claimant's Statement for Life Insurance Proceeds forms from Payne [Dkt. No. 1-7]; E.L.M., a minor [Dkt. No. 1-8]; Brittany Roberts [Dkt. No. 1-9]; and Linus Mays [Dkt. No. 1-10].

Everlake sued these four people along with Benton and the Estate in this interpleader action under 28 U.S.C. § 1335 to resolve their competing claims to the life insurance policy death benefit proceeds. *See* Dkt. No. 1. Everlake has deposited

the policy death benefit proceeds into the Court's registry. *See* Dkt. No. 59 at 4.

Everlake has served all the Defaulted Defendants. S*ee* Dkt. Nos. 6-9 & 33. Ms. Benton and Mr. Winiecki, as Dependent Administrator of the Estate, filed answers asserting claims to the policy death benefit. *See* Dkt. Nos. 10 & 46.

The Clerk of Court made entry of default as to E.L.M., a minor, Brittany Roberts, and Linus Mays on August 22, 2022, *see* Dkt. No. 16, and against Latwandra Payne on July 17, 2023. *See* Dkt. No. 35. The Court appointed Casey C. Miller, Esq. as Guardian ad Litem for Defendant E.L.M., a minor. Dkt. No. 54.

The Movants now move for default judgment and disbursement of the interpleaded funds. *See* Dkt. No. 59.

**Legal Standards**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A plaintiff seeking a default judgment must establish: (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). The plaintiff must also make a *prima facie* showing there is "jurisdiction both over the subject matter and the

parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See id.* The clerk will enter default when default is established by an affidavit or otherwise. *See id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *See id.*

The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). But this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

-4-

Before entering a default judgment, a court should consider any relevant factors. Those factors may include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should also consider whether the defendant has a meritorious defense to the complaint. *See id.*

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (cleaned up); *cf. Jackson v. FIE Corp.*, 302 F.3d 515, 524-31 (5th Cir. 2002) (holding that jurisdictional allegations and findings supporting a default judgment are not entitled to preclusive effect in the personal-jurisdiction context of Federal Rule of Civil Procedure 60(b)(4)). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).

**Analysis**

I.     <u>The Court has jurisdiction over the subject matter and the parties.</u>

Deciding the motion for default judgment "begins, as it must, by examining the Court's jurisdiction." *Wattiker v. Elsenbary Enters., Inc.*, No. 3:22-cv-940-B-BN, 2023 WL 5167023, at *3 (N.D. Tex. May 19, 2023) (cleaned up; quoting *Hammerschmidt v. Garland*, 54 F.4th 282, 287 (5th Cir. 2022)), *rec. accepted*, 2023 WL 5167019 (N.D. Tex. June 13, 2023); *accord Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

For the Court to have jurisdiction under Section 1335, Everlake must show minimal diversity almost the claimants. *See, e.g.*, *Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous.*, 782 F.3d 186, 193 (5th Cir. 2015) ("Section 1335 has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." (cleaned up; quoting S*tate Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967))).

And, where Everlake alleges facts from which the Court may reasonably infer that Latwandra Payne and Linus Mayes are citizens of Missouri and Louisiana, respectively, and Sandra Benton, E.L.M., a minor, Brittany Roberts, and the Estate, are citizens of Texas, *see* Dkt. No. 59 at 2-3, Everlake has made this showing. *See Auto Parts Mfg. Miss.*, 782 F.3d at 193 ("APMM named as claimants King (a Mississippi citizen), Noatex (a California citizen), and later Kohn (a California citizen), satisfying § 1335's minimum diversity requirement." (footnote omitted)).

II. <u>The procedural requirements for default judgment have been met.</u>

Everlake has satisfied the prerequisites for entry of default judgment against

-6-

the Defaulted Defendants.

Everlake has served all the Defaulted Defendants in a manner authorized by the Court. S*ee* Dkt. Nos. 6-9 & 33.

The Clerk of Court made entry of default as to E.L.M., a minor, Brittany Roberts, and Linus Mays on August 22, 2022, *see* Dkt. No. 16, and against Latwandra Payne on July 17, 2023. *See* Dkt. No. 35.

Everlake submitted evidence that the Defaulted Defendants are not in active military service. *See* Dkt. No. 59-1.

And, the Court appointed Casey C. Miller, Esq. as Guardian ad Litem for Defendant E.L.M., a minor. *See* Dkt. No. 54. Ms. Miller has stated she does not oppose the relief sought by Movants. *See* Dkt. No. 59 at 1.

III.  Everlake's pleadings support default judgment.

Everlake's pleadings for interpleader relief under 28 U.S.C. § 1335 provide a sufficient basis for default judgment against the Defaulted Defendants.

"Statutory interpleader is proper when a (1) stakeholder has a single fund worth at least $500; (2) where two or more adverse claimants with diverse citizenship are competing for that fund; and (3) the stakeholder has deposited the fund in the Court's registry." *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 411, 414 (N.D. Tex. 2005) (cleaned up). "An interpleader action allows the stakeholder to pay the money in dispute into court, withdraw from the proceedings, and leave the claimants to litigate between themselves their entitlement to the funds." *Ekholm v. T.D. Ameritrade, Inc.*, 2013 WL 4223128, at *2 (N.D. Tex. Aug. 14,

-7-

2013) (cleaned up).

In determining whether the interpleader requirements are satisfied, the Court must first determine "if there is a single fund at issue and whether there are adverse claimants to that fund." *Wells Fargo Bank, N.A. v. Lane Grp., LLC*, 2019 WL 1099992, at *2 (N.D. Tex. Feb. 13, 2019) (citing *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)). If these requirements are met, the Court then "determines the rights of the claimants." *Id.* (cleaned up).

Here, Everlake has shown that its single fund at issue is the $100,000 life insurance policy death benefit. *See* Dkt. No. 1 at 3; Dkt No. 59 at 7. As discussed above, there are at least two adverse claimants of diverse citizenship claiming an interest in the fund: Latwandra Payne and Linus Mayes are citizens of Missouri and Louisiana, respectively, and Sandra Benton, E.L.M., a minor, Brittany Roberts, and the Estate, are citizens of Texas. And, Everlake deposited the funds at issue into the Court's registry. *See* Dkt. No. 59 at 4 (explaining that the funds were deposited, as reflected in an unencumbered docketed entry on January 10, 2022).

And, so, Everlake has satisfied the requirements for interpleader.

IV.   Consideration of other factors supports default judgment.

Default judgment is a harsh remedy, but, as set out above, the record supports default judgment. Plus, "the harshness of default judgment is mitigated by the fact that [Defaulted Defendants] have forfeited any claim of entitlement they may have had to the interpleaded funds." *Benjamin Moore & Co. v. Menendez*, No. 3:18-cv-2288-B, 2019 WL 3413420, at *2 (N.D. Tex. July 29, 2019) (cleaned up).

There has not been substantial prejudice against Defaulted Defendants.

And there are clearly established grounds for default, as set out above. The Defaulted Defendants have failed to file responsive pleadings or participate in this action, so there are no material facts in dispute.

There is no indication that the default was caused by good faith mistake or excusable neglect.

And, so, the Court would not necessarily feel obligated to set aside a default (should a motion to do so be filed). *See Lindsey*, 161 F.3d at 893; *see also Menendez*, 2019 WL 3413420, at *2 ("Applying the Lindsey factors to this case, the Court finds no reason that a default judgment should be avoided. First, Menendez has not appeared, let alone filed any responsive pleadings. Consequently there are no material facts in dispute.... Third, the grounds for default have been clearly established by Menendez's failure to respond to the Original Petition for Interpleader and the Entry of Default by the Clerk. Fourth, there is no evidence before the Court to indicate that Menendez's complete nonresponsiveness is the result of a good faith mistake or excusable neglect. Fifth, the harshness of default judgment is mitigated by the fact that Menendez has forfeited any claim of entitlement he may have had to the interpleaded funds. And sixth, the Court is not aware of any facts that would give reason to set aside the default if challenged by Menendez. Therefore, the Court concludes that default judgment is proper." (cleaned up)).

V.  **The Court should grant Movants' request for disbursement, discharge, and <u>dismissal with prejudice.</u>**

Because entry of default judgment against the Defaulted Defendants is proper, the Court should disburse the $100,000 life insurance policy death benefit funds deposited in the Court's registry to the remaining claimants – Ms. Benton and the Estate. *See, e.g.*, *Menendez*, 2019 WL 3413420, at *1 ("[I]f default judgment against [one of the interpleader defendants] is warranted, then disbursement of the interplead funds to [the other interpleader defendants] is proper.").

Ms. Benton and the Estate agreed that the $100,000 death benefit "may be distributed evenly 50% to each of them in accordance with the November 2, 2018 Request for Change of Beneficiary form" and Everlake has no objection. *See* Dkt. No. 59 at 7. And, so, the Court should disburse the funds accordingly.

Everlake has satisfied the requirements for interpleader and, so, the Court should grant Everlake's claim for interpleader relief and discharge it from this action. *See Berry v. Banner Life Ins. Co.*, 718 F. App'x 259, 263 (5th Cir. 2018) (per curiam) ("Once a district court concludes that the requirements for interpleader have been met, it may discharge the plaintiff-stakeholder if the stakeholder is a disinterested party willing to tender the disputed funds." (cleaned up)).

Everlake asks the Court to issue injunctive relief. A district court may "issue a permanent injunction in an interpleader action when it discharges a plaintiff from further liability." *Auto Parts Mfg. Miss., Inc. v. King Const. of Hous., L.L.C.*, 782 F.3d 186, 192 (5th Cir. 2015) (cleaned up). Specifically, 28 U.S.C. § 2361 authorizes the

V.  **The Court should grant Movants' request for disbursement, discharge, and <u>dismissal with prejudice.</u>**

Because entry of default judgment against the Defaulted Defendants is proper, the Court should disburse the $100,000 life insurance policy death benefit funds deposited in the Court's registry to the remaining claimants – Ms. Benton and the Estate. *See, e.g.*, *Menendez*, 2019 WL 3413420, at *1 ("[I]f default judgment against [one of the interpleader defendants] is warranted, then disbursement of the interplead funds to [the other interpleader defendants] is proper.").

Ms. Benton and the Estate agreed that the $100,000 death benefit "may be distributed evenly 50% to each of them in accordance with the November 2, 2018 Request for Change of Beneficiary form" and Everlake has no objection. *See* Dkt. No. 59 at 7. And, so, the Court should disburse the funds accordingly.

Everlake has satisfied the requirements for interpleader and, so, the Court should grant Everlake's claim for interpleader relief and discharge it from this action. *See Berry v. Banner Life Ins. Co.*, 718 F. App'x 259, 263 (5th Cir. 2018) (per curiam) ("Once a district court concludes that the requirements for interpleader have been met, it may discharge the plaintiff-stakeholder if the stakeholder is a disinterested party willing to tender the disputed funds." (cleaned up)).

Everlake asks the Court to issue injunctive relief. A district court may "issue a permanent injunction in an interpleader action when it discharges a plaintiff from further liability." *Auto Parts Mfg. Miss., Inc. v. King Const. of Hous., L.L.C.*, 782 F.3d 186, 192 (5th Cir. 2015) (cleaned up). Specifically, 28 U.S.C. § 2361 authorizes the

Court to restrain all claimants "from instituting or prosecuting any proceeding ... affecting the property ... involved in the interpleader action until further order of the court." *Gray Cas. & Sur. Co. v. Gold Standard Moving & Storage LLC*, 652 F. Supp. 3d 734 (N.D. Tex. 2023).

And, so, the Court should:

1) Discharge Everlake with prejudice from any and all liability to the Defendants and to any person, firm, estate, corporation, or entity on account of or in any way related to Allstate Assurance Company n/k/a Everlake Assurance Company life insurance policy number 06T1E27732 issued to the late Rodney C. Mays and/or related to the handling or processing of any claims made under Allstate Assurance Company n/k/a Everlake Assurance Company life insurance policy number 06T1E27732 issued to the late Rodney C. Mays; and
2) Enjoin Defendants, and each of their respective attorneys, representatives, successors, assigns, and heirs are hereby permanently enjoined from instituting or prosecuting against Allstate Assurance Company n/k/a Everlake Assurance Company any proceeding in any state or United States Court or administrative tribunal relating to Allstate Assurance Company n/k/a Everlake Assurance Company life insurance policy number 06T1E27732 issued to the late Rodney C. Mays and/or related to the handling or processing of any claims made under Allstate Assurance Company n/k/a Everlake Assurance Company life insurance policy number 06T1E27732 issued to the late Rodney C. Mays.

Movants also request dismissal of this action with prejudice. *See* Dkt. No. 59 at 8. Because the Court should grant Everlake's claim for interpleader relief and disburse the interpleaded funds, which resolves all outstanding claims, the Court should dismiss this action with prejudice.

**Recommendation**

The Court should grant the motion for default judgment [Dkt. No. 59] and enter default judgment against Defendants Latwandra Payne, Linus Mays, Brittany

Roberts, and E.L.M., a minor. And, the Court should grant Movants' request for interpleader disbursement, discharge, and dismissal with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 7, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE